IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREN MANCINI : CIVIL ACTION
:
v. :
:
STATE FARM FIRE & CASUALTY CO. : NO. 13-268

MEMORANDUM

Bartle, J. July   , 2013

Plaintiff Karen Mancini has filed this direct action against defendant State Farm Fire & Casualty Co. ("State Farm"), the insurer of JML Construction, Inc. ("JML") which had a contract to build a residence for plaintiff. Plaintiff seeks a declaratory judgment that State Farm is liable for a money judgment which plaintiff has obtained against the now insolvent JML.[1]

Before the court is the motion of State Farm to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. We accept as true for present purposes all well-pleaded facts in the complaint. In deciding a motion to dismiss, we may also consider matters of public record and any exhibits attached to the complaint. E.g., Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

---

1. This court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

Plaintiff, as noted above, entered into a contract with JML to build a residence. According to the complaint, JML defaulted, and plaintiff sued it in the Court of Common Pleas of Montgomery County in 2006. See Dugan v. JML Constr., No. 06-3089 (Montg. Cnty.).² State Farm initially entered an appearance for JML under a reservation of rights. While the action was pending, it filed a lawsuit in this court for a declaration that it had no duty to defend or indemnify JML. Plaintiff was not a party to this action. State Farm Fire and Cas. Co. v. JML Constr., Inc., No. 10-3893 (E.D. Pa.). By this time, JML was insolvent and did not defend the federal court action. Our colleague, Judge Thomas N. O'Neill, Jr., entered a default judgment in favor of State Farm on November 18, 2010.³ Shortly thereafter, State Farm's counsel withdrew his appearance for JML in the Montgomery County action. JML's private counsel also withdrew his appearance. Ultimately, a trial was held in that court, and a judgment was entered in favor of plaintiff and against JML in the amount of $548,615.41. Because of JML's insolvency, plaintiff has been unsuccessful in executing on the judgment. It now seeks a declaration that State Farm is liable to her in this amount.

---

2. Plaintiff Karen Mancini was then Karen Dugan.

3. Judge O'Neill's November 18, 2010 Order stated in relevant part: "IT IS FURTHER ORDERED that plaintiff State Farm Fire and Casualty Company has no duty or obligation under insurance policy no. 98-LR-3309-0 to defend or indemnify its insured defendant JML Construction, Inc. in the underlying action captioned *Karen Dugan v. JML Construction, Inc.,* No. 06-03089 in the Court of Common Pleas for Montgomery County."

Plaintiff invokes the Pennsylvania Insurance Insolvency Act ("Insolvency Act"), 40 Pa. Cons. Stat. Ann. § 117, which provides in relevant part:

> No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee or other person and for which the person insured is liable, or against loss or damage to property caused by animals or by any vehicle drawn, propelled or operated by any motive power and for which loss or damage the person insured is liable, shall hereafter be issued or delivered in this State by any corporation, or other insurer, authorized to do business in this State, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person, or his or her personal representative, against such corporation, under the terms of the policy, for the amount of the judgment in the said action, not exceeding the amount of the policy.

The Insolvency Act permits an injured party to bring a direct action against a tortfeasor's insurer to collect on a judgment only under limited circumstances. As explained by our Court of Appeals in Kollar v. Miller, 176 F.3d 175, 181 (3d Cir. 1999), an injured party may do so when:

> (1) the insured is insolvent; (2) **an accident or other covered event has occurred**; (3) the insured is liable for the accident; (4) a judgment has been entered against the insured; (5) the third party has unsuccessfully sought to execute the judgment

> against the insured; and (6) the insurance
> company is a liability insurer for the
> insolvent insured.

(emphasis added).

State Farm counters that the plaintiff's claims, as outlined in the complaint in the Montgomery County court, do not fit within the provisions of the Insolvency Act because an accident or other covered event has not occurred. In the Montgomery County action, plaintiff sued JML for breach of contract, breach of express warranty, breach of implied warranties, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. Ann. §§ 201-1 et seq. "arising out of construction defects in a residence that JML contracted to build for her."

The Insolvency Act, as noted above, is restricted to claims against an insurer covered by a policy of insurance "for loss or damage resulting from accident to or injury suffered by an employee or other person and for which the insured person is liable or against loss or damage to property caused by animals or by any vehicle drawn, propelled or operated by any motive power." The Pennsylvania Superior Court has stated that "this section appears to be limited to personal injuries and 'damages to property caused by animals or by any vehicle drawn, propelled or operated by any motive power.'" Philadelphia Forrest Hills Corp. v. Bituminous Cas. Corp., 222 A.2d 493, 494 (Pa. Super. Ct. 1966); Blair v. Ranger Ins. Co., 1996 U.S. Dist. LEXIS 1651 at *3 (E.D. Pa. Feb. 16, 1991). Likewise, our Court of Appeals noted

in Kollar that in order to succeed under the Insolvency Act, a plaintiff must establish that "an accident or other covered event has occurred." See Kleban v. Nat'l Union Fire Ins. Co. of Pittsburgh, 771 A.2d 39, 42 (Pa. Super. Ct. 2001).

Plaintiff did not allege in the Montgomery County action any personal injuries or plead property damage caused by animals or vehicles with "motive power." Rather, the plaintiff had a contractual relationship with JML to build a home. Her underlying lawsuit against JML sought damages for the contractor's faulty construction.

Moreover, the claims plaintiff asserted in her Montgomery County action are not encompassed within the term accident as defined under the insured's State Farm policy.[4] Again, these claims dealt with the faulty construction of her house. The policy provided in relevant part:

> COVERAGE L - BUSINESS LIABILITY
>
> We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury**, **property damage**, **personal injury** or **advertising injury** to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless

---

4. Plaintiff contends that she was an indispensable party to the federal declaratory judgment action but was not joined. See Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 229 (3d Cir. 2005). Cf. Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 354-55 (3d Cir. 1986). Consequently, she maintains that the default judgment entered in favor of State Farm on the issue of insurance coverage for JML is not binding on her and that she has the right now to assert that coverage exists. We will assume, without deciding, that plaintiff is correct and will review the coverage issue anew.

> explicitly provided for under Supplementary
> Payments. This insurance applies only:
>
> 1. to **bodily injury** or **property damage**
>    caused by an **occurrence** which takes
>    place in the **coverage territory** during
>    the policy period.
>
> ...

"Occurrence" is defined under the Policy, in pertinent part, as follows:

> 12. **occurrence** means:
>
> a. an accident, including continuous or
>    repeated exposure to substantially the
>    same general harmful conditions which
>    result in **bodily injury** or **property
>    damage**; or

The definition of "property damage" is also included in the Policy. It reads:

> 16. **property damage** means:
>
> a. physical damage to or destruction of
>    tangible property, including all
>    resulting loss of use of this property;
>    or
>
> b. loss of use of tangible property that is
>    not physically injured or destroyed,
>    provided such loss of use is caused by
>    physical injury to or destruction of
>    other tangible property.

The Pennsylvania Supreme Court, in <u>Kvaerner Metals v. Commercial Union Ins. Co.</u>, 908 A.2d 888 (Pa. 2006), has held that faulty workmanship in the construction of a coke oven battery is not an accident and thus is not an occurrence under a general liability policy such as exists here. The court explained:

> Words of common usage in an insurance policy
> are construed according to their natural,

> plain, and ordinary sense.... We may consult
> the dictionary definition of a word to
> determine its ordinary usage.... Webster's
> II New College Dictionary 6 (2001) defines
> "accident" as "[a]n unexpected and
> undesirable event," or "something that occurs
> unexpectedly or unintentionally." The key
> term in the ordinary definition of "accident"
> is "unexpected." This implies a degree of
> fortuity that is not present in a claim for
> faulty workmanship.

Based on the holding in Kvaerner, we conclude that plaintiff's claims do not come within the ambit of the term accident under the State Farm policy. Since the plaintiff's loss or damage was not an accident under the policy and there were no personal injuries or damages to property caused by animals or vehicles with "motive power," plaintiff cannot invoke the Insolvency Act to obtain relief directly against State Farm. A direct action against an insurer under the Insolvency Act is only allowed when the judgment against an insured results from the type of claim referenced in the Act and is covered under the insured's policy.

Plaintiff nonetheless contends that State Farm's federal declaratory judgment action before Judge O'Neill relating to coverage was barred by the Pennsylvania statute of limitations and by laches. According to plaintiff, because of the untimeliness of that lawsuit, State Farm is now precluded from arguing that plaintiff's claims were not for an accident as defined under the policy.

A cause of action for a declaratory judgment does not accrue until an actual controversy exists and is governed by

Pennsylvania's four year "catch all statute of limitations." <u>Wagner v. Apollo Gas Co.</u>, 582 A.2d 364, 366 (Pa. Super. Ct. 1990); 42 Pa. Cons. Stat. Ann. § 5525(8); <u>Zourelias v. Erie Ins. Group</u>, 691 A.2d 963, 964 n.2 (Pa. Super. Ct. 1997). Plaintiff argues that the statute began to run when State Farm learned about plaintiff's Montgomery County action against JML. According to plaintiff, that was shortly after plaintiff filed it on February 14, 2006.[5] The declaratory judgment action concerning coverage was not instituted in this court until August 4, 2010.

Under Pennsylvania law, however, the statute of limitations does not begin to run until the insurer denies an insured's request for coverage. <u>Zourelias</u>, at 964 n.2. Here State Farm continued to defend its insured JML in the state court action until Judge O'Neill entered the default judgment in favor of State Farm on November 10, 2010. Only thereafter did State Farm withdraw its defense of JML. It was only after November 10, 2010 that State Farm denied JML's request for coverage. Thus, the four year statute clearly had not expired. Indeed, State Farm brought the declaratory judgment action <u>before</u> it denied coverage. Moreover, even assuming that laches may be invoked where there exists an applicable statute of limitations, plaintiff has not averred prejudice as a result of any undue delay by State Farm in instituting the declaratory judgment

---

5. Plaintiff does not identify the date when State Farm was notified of the pendency of the Montgomery County action.

action.  Commonwealth v. Griffin, 946 A.2d 668, 676-77 (Pa. 2008).  Plaintiff's statute of limitations and laches arguments are without merit.

Finally, plaintiff contends that plaintiff's Montgomery County action against JML arose out of a covered event under the Insolvency Act because State Farm defended the action in that court for over three years before it obtained a default judgment in this court that it had no duty to defend JML.  We are not persuaded.  State Farm defended JML under a reservation of rights letter.  It therefore had conceded nothing as to coverage.

Accordingly, the court will grant defendant's motion to dismiss the complaint.